NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-1826 & 14-3799
_____

FRANCINE COLE,
Appellant in 14-1826

v.

TOWN OF MORRISTOWN; FORMER MAYOR DONALD CRESITELLO;
MAYOR TIM DOUGHERTY (Individually and in their capacity as Employees of the
Town of Morristown)
MORRISTOWN POLICE DEPARTMENT; MATHEW EDWARDS;
THEODORE JONES; ERIC PETR; VALDAR CHAUDRUC; CLARENCE SOFIELD;
DEANNA DIETRICH (All Individually and in their Capacity as Employees of the
Morristown Police Department)
POLICE CHIEF PETER DEMNITZ (Individually and in his Capacity of Chief of Police)
JEFF HARTKE (Individually and in his position as the Director of the Morristown
Department of Public Works)
RICK WISE (Individually and in his position as Supervisor of the Morristown
Department of Public Works' Clinton Street Garage) JOHN FUGGER (Individually and
in his Capacity as Zoning Officer of the Town of Morristown Zoning
Department) ST. CLARE'S HOSPITAL; SUMAN L. JALAN; GARY BRENNAN;
KIM TELLING (All Individually and in their
Capacity as Employees, agents and/or Independent Contractors of St. Clare's Hospital);
DAVID COLE;
ANDREA COLE-CAMEL; JOHN DOES 1-15


Town of Morristown, Donald Cresitello, Tim Dougherty, Mathew Edwards,
Theodore Jones, Eric Petr, Valdar Chaudruc, Clarence Sofield, Deanna Dietrich,
Peter Demnitz, Jeff Hartke, Rick Wise, John Fugger,
Appellants in 14-3799

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 2-10-cv-04706)

District Judge: Honorable William J. Martini

Submitted under Third Circuit LAR 34.1(a)
On September 11, 2015

Before: VANASKIE, SLOVITER, RENDELL Circuit Judges

(Opinion filed: September 22, 2015)

O P I N I O N*

**RENDELL**, Circuit Judge:

Francine Cole ("Appellant") appeals the District Court's grant of summary judgment in favor of the Town of Morristown, the Morristown Police Department, and various Morristown police officers and town employees (collectively, "Morristown Appellees") and St. Clare's Hospital and various St. Clare's Employees (collectively, "St. Clare's Appellees"). She also appeals the District Court's denial of her motion for reconsideration and her motion to vacate the summary judgment ruling. The Morristown Appellees appeal the District Court's denial of their motion for sanctions and fees. We will affirm all three rulings.

I. **Background**

Appellant is a 57-year old African-American woman. She lived in Morristown, New Jersey at 21 Liberty Street, a property owned by the estate of Annie Cole. Appellant

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

was one of several beneficiaries of Annie Cole's estate, and, as a result, several relatives claimed an ownership interest in the 21 Liberty Street property.

On February 18, 2009, Appellant called police and complained that her grand-nephews, Joseph Cole and George Johnson, should be removed from the residence. The nephews had been staying at 21 Liberty Street for approximately six days awaiting the settlement from a life insurance policy. Appellant said that the nephews were living with a neighbor and she had only invited them to stay intermittently as invited guests. Appellant told the police that her nephews disrespected her and did not comply with her requests. The police spoke with Appellant and the nephews and all agreed that the nephews could stay one more night and then make alternative sleeping arrangements.

On February 19, 2009, Appellant called police again, complaining that her nephews should not be at the residence and that their friend Derrick was trespassing. Joseph Cole told the police that he and Johnson had been living at the house with the permission of their Aunt, Defendant Andrea Cole-Camel, who was a majority owner of the house, according to Joseph Cole. The police considered Appellant's complaint to be a landlord-tenant dispute and advised that she should pursue landlord-tenant procedures to evict the nephews. Appellant then accused the police of allowing drug dealers, i.e., her nephews, to live in her home, of being prejudiced against her and her family, and allowing drug dealers to live and sell drugs on a nearby road. Appellant also recited Psalm 91, stating, "[b]ecause thou hast made the Lord, which is my refuge, even the most High, thy habitation; There shall no evil befall thee, neither shall any plague come nigh thy dwelling." (App. 11.)

3

On February 20, 2009 at 7:19 a.m., Appellant called police and said that her nephew George Johnson threw water at her while she was praying. When police questioned Johnson, he said that he was asleep when he heard Appellant start yelling, "God please remove the evil men from this house, remove their evil spirits." (App. 12.) George Johnson denied throwing anything at Appellant and said she was "just crazy." (App. 12.) Appellant also reported chest pains caused by muscular strain from moving a mattress down the stairs. The police called an ambulance to the scene, but Appellant would not permit the paramedics to take her blood pressure and she refused all medical treatment.

Less than 12 hours later, i.e., still on February 20, 2009, Appellant called the police again complaining that her nephews were stomping on the floor upstairs. She presented an audio recording of the alleged stomping to the police, but the recording contained only sounds of Appellant talking and moving. The nephews told the police that they knew Appellant had received mental health treatment before but they had "never seen her this bad." (App. 12.)

The police then called St. Clare's Hospital regarding a possible mental health screening of Appellant. The police reported that Appellant had called the police several times over a brief time span, had refused medical treatment for chest pain, was behaving irrationally, and expressed a belief that the police, courts, and her family were conspiring against her. St. Clare's sent two mental health screeners, Gary Brennan and Kim Telling, to 21 Liberty Street. Appellant's brother and sister, David Cole and Zandra Morgan, also arrived on the scene. Kim Telling spoke with the nephews and Appellant's sister. The

4

nephews complained that Appellant had been beating on the door of their apartment with a stick and, when they refused to open the door, she threw "holy water" at them. (App. 13.) The nephews and sister also said that Appellant had a history of aggressive behavior, including "going after her sister with a baseball bat," a history of threatening to hurt herself, and a history of hospitalizations. (App. 13.) The mental health screeners noted that Appellant presented with pressured speech and fixed paranoid delusional thoughts, and they were concerned about Appellant's refusal to have her blood pressure taken. They concluded: "Patient is in need of further psychiatric treatment and stabilization in a hospital setting due to increased symptoms of psychosis, bizarre and impulsive behaviors that are resulting in patient being a danger to herself and others at this time." (App. 13.) They decided to take her to the hospital for a psychiatric evaluation.

Appellant testified that she was "forced to go" and that "[t]hey told me they were taking me to St. Clare's and I was not free to leave." (Supp. App. 145.) Telling testified that Appellant "did not have a right to decline that evaluation." (Supp. App. 314.) A psychiatrist evaluated her at the hospital, concluded that she had an adjustment disorder, and recommended out-patient treatment. Appellant was discharged after six hours.

Appellant filed suit against the Morristown Appellees, the St. Clare's Appellees, and her siblings David Cole and Andrea Cole-Camel. She asserted claims for, inter alia, violations of her constitutional rights under the First, Fifth, Fourth, Eighth, and Fourteenth Amendments under § 1983, conspiracy to violate her constitutional rights under § 1985, failure to stop the violations of her constitutional rights under § 1986,

5

violations of the Americans with Disabilities Act, false arrest, assault and battery, and violations of her state constitutional rights under the New Jersey Civil Rights Act.

The Morristown and St. Clare's Appellees moved for summary judgment. The District Court granted summary judgment on all claims. It held that the state law claims, i.e., the false arrest, assault and battery, and New Jersey Civil Rights Act claims, should be dismissed because the Morristown and St. Clare's Appellees were entitled to statutory immunity under New Jersey law for those engaged in a mental health assessment. The District Court also granted summary judgment on all the federal claims because Appellees' actions were reasonable and there was no constitutional violation.

Appellant filed a motion for reconsideration and a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60. The District Court denied the motions. The Morristown Appellees filed a motion for sanctions, which the District Court denied because they failed to file the motion for sanctions before entry of a final judgment and because the motion did not include an affidavit with itemized expenses.

Appellant then filed an appeal challenging the grant of summary judgment. The Morristown Appellees filed a cross-appeal challenging the denial of sanctions.

## II. <u>Analysis</u>[1]

We will affirm the District Court's grant of summary judgment to Appellees on Appellant's § 1983 claims because there is no evidence that the Appellees violated Appellant's constitutional rights.

Appellant has not shown a violation of her Fourth Amendment right to be free from unlawful seizures.[2]  Even assuming that there was a seizure, Appellant has not shown that the seizure was unlawful.  "[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006), and it is not unreasonable to temporarily detain an individual who is dangerous to herself or others.  In other words, "the temporary involuntary commitment of those deemed dangerous to themselves or others qualifies as a 'special need' permitting the state to act without a warrant." *Doby v. DeCrescenzo*, 171 F.3d 858, 871 (3d Cir. 1999). *See also Monday v. Oullette*, 118 F.3d 1099, 1102 (6th Cir. 1997) ("The Fourth Amendment requires an official seizing and detaining a person for a psychiatric evaluation to have probable cause to believe that the person is dangerous to himself or others.").

---

[1] "We review a district court's grant of summary judgment *de novo*. . . ." *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011).  "This court reviews the District Court's denial of attorneys' fees for abuse of discretion." *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

[2] We focus on Appellant's Fourth Amendment claim because it is colorable, unlike her other constitutional claims, and because it is the only claim that Appellant discussed on appeal.

There was ample evidence indicating that Appellant was dangerous to herself or others: her nephews said that they had "never seen her this bad," she refused medical treatment for chest pains, her nephews stated that she had been beating on the door of their apartment with a stick and throwing "holy water" at them, her nephews and her sister said that Appellant had a history of aggressive behavior, including "going after her sister with a baseball bat," and her relatives said she had a history of threatening to hurt herself and of hospitalizations. (App. 12-13.) Based on this evidence, the police and mental health screeners had probable cause to believe that Appellant was dangerous and reasonably took her for a mental health evaluation.[3]

Appellant's state law claims also fail because Appellees are entitled to statutory immunity. New Jersey law provides immunity for law enforcement and healthcare workers conducting mental health assessments, mandating that "[a] law enforcement officer, screening service, outpatient treatment provider . . . acting in good faith . . . who takes reasonable steps to assess, take custody of, detain or transport an individual for the purposes of mental health assessment or treatment is immune from civil and criminal liability." N.J. Stat. Ann. § 30:4-27.7(a). Appellant tries to circumvent the statutory bar by arguing that the police and the mental health screeners acted in bad faith, but there is no evidence of bad faith.

---

[3] In order for § 1983 claims to apply to non-governmental actors, the Supreme Court has "insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). We need not determine whether Appellant's constitutional claims apply to the St. Clare's Appellees, who are not governmental actors, because Appellant has not shown that her Fourth Amendment rights were violated.

We will also affirm the District Court's judgment on Appellant's conspiracy, Americans with Disabilities Act, and injunctive relief claims as she has not adduced any evidence supporting these claims.

Because Appellant's claims are meritless, the District Court properly denied her motion for reconsideration and her motion to vacate.

Finally, we will affirm the District Court's disposition of the Morristown Appellees' motion for sanctions and attorneys' fees. The sanctions motion did not comply with mandatory requirements. *See* D.N.J. L. Civ. R. 11.3 ("All applications for sanctions pursuant to Fed. R. Civ. P. 11 shall be filed with the Clerk prior to the entry of final judgment . . . ."); N.J. Stat. Ann. § 2A:15-59.1(c) (requiring that an applications for fees "shall be supported by an affidavit stating in detail," inter alia, "[t]he nature of the services rendered, the responsibility assumed, the results obtained, the amount of time spent by the attorney, any particular novelty or difficulty, the time spent and services rendered by secretaries and staff, [and] other factors pertinent in the evaluation of the services rendered"). Because the Morristown Appellees filed their motion after entry of final judgment and did not include an affidavit outlining their expenses and fees, the District Court did not abuse its discretion in denying the motion.

For the foregoing reasons, we will affirm the District Court's rulings.

9